ELIZABETH ECKEL, appellant,

v.

EMMA ECKEL et al., respondents.

1. J., at a sale, under an order of this court, purchased the homestead and farm belonging to his father's estate. For part of the purchase-money he gave a bond, secured by a mortgage on property, conditioned to pay his mother, the widow, the interest on $2,400 for life, as her interest in the property, and the principal and interest after her death to certain heirs named. The mother afterwards lived with J., who supported her and provided her with whatever she needed. This arrangement continued for sixteen years, without any proceedings by the mother to enforce the condition of the bond.

2. Complainant, foreclosing a subsequent mortgage, claimed that the interest on the first had been satisfied by arrangement between J. and his mother, and that it was credited on the bond. It was proven that J. had repeatedly made this statement, and it appeared by the mother's testimony that she had, just previous to her examination, given the bond and mortgage to J. Neither of these papers were produced on the trial, nor did J. or his mother explain their non-production.—*Held* that, under the facts proved, the presumption was that the interest, payable on the mortgage, had been satisfied.

3. The non-production of papers, essential in the trial of a cause, which are proved to be in the possession of one of the parties, unexplained, raises a presumption that they contain something which would tend to the disadvantage of the party retaining them if they were produced.

---

On appeal from a decree advised by Vice-Chancellor Green, who delivered the following opinion:

The bill in this case is filed for the foreclosure of a mortgage made by Jacob B. Eckel to Emma Eckel, dated April 1st, 1876, to secure the payment of a bond of even date therewith, conditioned for the payment of $1,500 on April 1st, 1877, with interest from date.

[Here follows a statement of the allegations of the bill.]

The defendants, Jacob B. Eckel and Elizabeth Eckel, answer; Jacob B. Eckel, on his part, claiming that he has recently been paying on complainant's mortgage interest at the rate of five per cent., under and by virtue of an agreement made with the com-

plainant, and that there is only interest at the rate of five per cent. due on said mortgage from the 1st day of April, 1890.

The answer of the defendants claims that the mortgage to the chancellor is a prior lien to complainant's mortgage, and denies that the interest on that bond has been paid to the said Elizabeth Eckel, and says that no interest on that bond and mortgage has been paid by Jacob B. Eckel, or by any one for him, to the said Elizabeth Eckel, or to any one for her, and that there is now due on said bond to said Elizabeth Eckel, from Jacob Eckel, the interest in full from the date and execution of the mortgage to the present time, and that Elizabeth Eckel is entitled to have and receive the same.

The real contest in the case is over the question, whether the interest on the chancellor's mortgage has been paid or satisfied to Elizabeth Eckel.

[Here follows a statement of the evidence produced.]

The claim of the complainant is, that the interest on the mother's mortgage has been satisfied by some arrangement between herself and Jacob, and they seek to establish this contention from certain circumstances. Jacob, on the other hand, testifies that he made no arrangement with his mother to the effect, as claimed, that her living and board, and the money which he from time to time might give her, and the goods which she might buy and which he might pay for, were to be credited to him on account of the interest on the bond.

The old lady was also examined, and, in a way, testified substantially to the same thing.

There are, however, certain facts in the case which would seem to bear out the contention of the complainant.

[Here follows statement of facts.]

Jacob, on the trial, did not produce the papers, although this testimony was called to his attention, and to the attention of his counsel, nor did he pretend to deny or explain the statement by his mother with reference to her having given him these papers.

It is the presumption of law that if they were in his possession and were material evidence, the non-production of them was in consequence of something contained therein which would tend

Eckel *v.* Eckel.

to his disadvantage. We have his repeated statement to his aunt, that the interest on that mortgage had been paid, and that it was endorsed, together with his statement to his aunt; why he insisted upon its being so endorsed, namely, to relieve him of any liability to his mother's heirs in the event of her death. I think it no violent presumption, under the circumstances, that the production of these papers would have shown the truth to be that the payment of the interest was endorsed thereon by the mother. If such is the case, it has great probative force to establish that it was so endorsed in pursuance of an agreement between the old lady and her son, that his indebtedness to her for interest should be discharged by his taking care of her and his sister, and furnishing them with money and goods from time to time as they might need it.

The failure to produce these papers convinces me that they contain evidence which would have established the fact that the interest had been satisfied in some way that was legally binding upon the old lady, and this, with the other circumstances, leads me to advise that, in the decree to be made herein, the interest upon the $2,400 mortgage must be considered as paid up to the commencement of this suit.

*Mr. Edward P. Conkling,* for the appellant.

*Mr. Paul A. Queen,* for the respondent.

Decree affirmed for the reasons given in the court of chancery.

*For affirmance*—The Chief-Justice, Depue, Dixon, Magie, Reed, Scudder, Van Syckel, Brown, Clement, Krueger, Smith—11.

*For reversal*—None